HARRY J. GINGRICH, APPELLANT, V. CASSIE BLANK ET AL., APPELLEES.

FILED NOVEMBER 16, 1923.   No. 22558.

1. **Contracts:** QUIETING TITLE: DISMISSAL. Where, in an action founded on contract, it appears that the time of performance of certain conditions precedent to the plaintiff's right to recover has not arrived, the action will be dismissed as prematurely brought.

2. **Adverse Possession:** SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* not sufficient to sustain the issue of adverse possession claimed by plaintiff.

APPEAL from the district court for Chase county: CHARLES E. ELDRED, JUDGE. *Reversed and dismissed.*

*Charles W. Meeker,* for appellant.

*Edmund D. Shipley, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY, JJ., SHEPHERD, District Judge.

DAY, J.

Action by Harry J. Gingrich against Cassie Blank, August Blank, her husband, and Rodney Davis as administrator of the estate of John Gingrich, deceased, to quiet title in plaintiff to the southwest quarter of section 28, township 7, range 41 west of the 6th P. M., in Chase county, Nebraska. The trial court found that the plaintiff was the owner of an undivided three-fourths interest in the land above described; that he was the owner by assignment of the dower interest of Leah Gingrich, widow of John Gingrich; that

Cassie Blank was the owner of an undivided one-fourth interest in the land, subject to the dower interest of the widow, and also subject to the right of the plaintiff to be reimbursed for a proportionate share of all improvements put upon the land, all mortgages, and liens paid. In accordance with the above findings the court entered judgment confirming the title in the above described land in Harry J. Gingrich and Cassie Blank, as their respective interests appear, and taxed the costs to the plaintiff. From this judgment plaintiff appeals, claiming that he is entitled to a decree confirming title in himself to the entire quarter section above described.

The principal controversy is between the plaintiff and his sister, Cassie Blank.

The plaintiff's claim to ownership of the land in dispute is under and by virtue of a written contract between himself and his father; and, further, by reason of adverse posession for a period of more than 10 years prior to the commencement of the action.

The record discloses the following facts: In 1892 John Gingrich, now deceased, lived on the land in question with his wife and four children. In 1894 all of the children, except plaintiff herein, had married or left home, and at this time John Gingrich and his son, plaintiff herein, appeared before A. A. Leachey, a banker and notary public at Lamar, Nebraska, and had a contract drawn up by Mr. Leachey. The record clearly shows that this contract was executed and acknowledged, and left for safe keeping with Mr. Leachey, but that it was either misplaced or lost by said Leachey, and was never again found. It was shown by parol testimony that the contract provided that Harry J. Gingrich was to have the use and benefits of the farm, free of all charges of any kind, on condition and on consideration that he would care and provide for his father and mother during their natural lives; that he was to pay the mortgages on the farm, pay the taxes, and his father's debts, and upon the death of the father and mother he was to have the farm.

From and after the time the contract was made in 1894, up to the date of the trial, Harry J. Gingrich paid the taxes upon the land, paid two mortgages, kept up the place, put valuable improvements thereon, and provided for his father and mother in accordance with the contract up to the date of his father's death, and thereafter has continued to provide for his mother. In 1903 John Gingrich died, leaving surviving him, as his heirs at law, his widow, Leah, and the following named children: Mary Pickett, Cassie Blank, Edwin L. Gingrich, and Harry J. Gingrich.

In March, 1907, Mary Pickett executed and delivered to her mother a quitclaim deed for her interest in the property. In June, 1908, the widow, Leah Gingrich, executed and delivered to her son, Harry J. Gingrich, a quitclaim deed for all her interest in the property; and in October, 1908, Edwin L. Gingrich executed and delivered to plaintiff a quitclaim deed for his interest in the property. Thus, by the laws of descent, and by the quitclaim deeds above mentioned, plaintiff herein acquired a three-fourths interest in the property now in controversy. In July, 1907, plaintiff wrote a letter to his sister, Cassie Blank, defendant herein, requesting her to quitclaim her interest in the property to him. This she refused to do, and instead instituted proceedings for the administration of the estate of her deceased father, John Gingrich, and to obtain her legal share in said estate.

One of the questions presented by the record is whether the plaintiff is entitled to the property in question under and by virtue of the contract made in 1894 between himself and his father. The contract in question provided th t the plaintiff herein was to have the farm on the condition that he take care of his father and mother *during their natural lives*. Has he fully performed his part of this contract? This must be answered in the negative. It clearly appears that the mother is still living. She testified as a witness in the trial of this case. Before the plaintiff can establish full performance of the contract on his part, it must appear that the mother is not living, and that he had

provided for her up to the time of her death. This being true, it seems clear that this action is prematurely broug' t.

As to the plaintiff's claim to the title by reason of adverse possession for a period of more than 10 years, there is a failure to prove this issue. All of the acts which he performed, except the construction of improvements on the land, were in performance of his contract. Nowhere does he say that he was claiming the land as his own. He was asked how long he had been in the open, notorious, adverse and peaceable possession of the property, but an objection to this question was sustained, upon the ground that it was a conclusion of law. The action being prematurely brought, it seems clear that the issue based upon the contract could not be determined. The relief granted by the judgment does not conform to the prayer of either the plaintiff or the defendant. The plaintiff asked to have his title quieted in the entire quarter section. There was no dispute as to his ownership of a three-fourths interest therein. The defendant, Cassie Blank, asked for no affirmative relief.

The judgment of the district court is reversed, and the cause of action dismissed at costs of plaintiff, without prejudice to renew the action at a proper time.

REVERSED AND DISMISSED.